IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BRIAN J. SCOTT, #14564-171                                                    PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:09cv115-DCB-MTP

F. FRAZIER, ERIC HOLDER,
HARLEY LAPPIN, BRUCE PEARSON
and FEDERAL BUREAU OF PRISONS                                              RESPONDENTS

OPINION AND ORDER

The petitioner filed the instant petition for habeas corpus [1] pursuant to 28 U.S.C. § 2241 as well as a motion for leave to proceed in forma pauperis [2] on July 16, 2009. An order [3] was then entered on July 20, 2009, denying the petitioner's motion for leave to proceed in forma pauperis and directing him to pay the $5.00 filing fee within 20 days of the entry of the order. The petitioner was warned in the order [3] entered on July 20, 2009, that failure to comply with the order could result in the dismissal of the instant civil action.

When the petitioner failed to comply with the order [3], this court entered an order to show cause [4] on September 2, 2009, directing him to file a response and to pay the filing fee on or before September 17, 2009. The petitioner was warned that failure to comply with the order to show cause [4] would result in the dismissal of the instant civil action without further notice to him. Having reviewed the records, this court finds that once again, petitioner has failed to comply with an order of this court.

According to the court records, petitioner has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with two court orders, since he filed the instant civil action on July 16, 2009. The petitioner's failure to comply with two orders of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the respondents have not been called upon to respond to the petition, and have never appeared in this action, and since the court has never considered the merits of the petition, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the  6th  day of October, 2009.

                                      s/David Bramlette
                                      UNITED STATES DISTRICT JUDGE